█ HANS HOMBURGER, as a Limited Partner of OCEAN PARKWAY MEDICAL BUILDING, Respondent, v LAZAR LEVITIN, Individually and as General Partner of OCEAN PARKWAY MEDICAL BUILDING, et al., Appellants, et al., Defendants.█

Following an inquest that was ordered after the appellants' answer was stricken because of their failure to produce certain records for discovery and inspection, the defendant Levitin, the sole general partner in the defendant Ocean Parkway Medical Building, was directed to pay his limited partner, the plaintiff Hans Homburger, a sum of money representing the latter's share of the profits due him from his investment in the partnership.

On appeal the appellants contend with respect to the order dated September 29, 1987 that they were denied equal protection and due process rights when, as the result of the simultaneous filing of multiple requests for judicial intervention, the case was assigned to Justice Held rather than to Justice Vaccaro. The appeal from that intermediate order must be dismissed because the right of the direct appeal therefrom terminated with the entry of judgment in the action (see, Matter of Aho, 39 NY2d 241, 248). The order does not necessarily affect the final judgment and therefore the issues raised on appeal from the order are not brought up for review on the appeal from the judgment (CPLR 5501 [a] [1]). In any event, we note that at the inception of the Individual Assignment System, the parties simultaneously filed requests for judicial intervention, resulting in the random assignment of the instant case to two different Justices. This ministerial conflict appears to have been resolved by the clerk's office without external intervention. There is no evidence in the record of bias, prejudice or wrongdoing on the part of the Justice who heard the case, and whose retention of the action was recommended by the Administrative Justice of the Supreme Court, Kings County. There is therefore no impropriety or even appearance of impropriety in the court's handling of this matter.

On the appeal from the judgment, the appellants contend that they were denied their constitutional right to a jury trial. The relief sought in the plaintiff's complaint was entirely equitable in nature. It is well established that where a plaintiff's complaint states an action in equity, it is triable by the court without a jury, and the defendant, as a matter of law, is not entitled to a trial by jury (Phoenix Mut. Life Ins. Co. v Conway, 11 NY2d 367, 370). Even where, as incidental to the main relief prayed for, the complainant asks for money damages, a separate trial by jury is not within the purview of the constitutional guarantee (Jamaica Sav. Bank v M. S. Investing Co., 274 NY 215, 221).

We have examined the appellants' remaining contentions

and find them to be without merit. Lawrence, J. P., Kunzeman, Eiber and Balletta, JJ., concur.