■ SEMYON POMIRCHY, Respondent, v LAZAR LEVITIN, Individually and as General Partner of OCEAN PARKWAY MEDICAL BUILDING, a Limited Partnership, Appellant, et al., Defendant. —In an action, *inter alia,* for an accounting, the defendant Levitin appeals from (1) an order of the Supreme Court, Kings County (Held, J.), dated September 29, 1987, which denied his motion to reassign the case to another Judge, and (2) a judgment of the same court, dated December 11, 1987, which, after a nonjury trial, is in favor of the plaintiff and against him in the amount of $183,773.53.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the plaintiff is awarded one bill of costs payable by the appellant.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action *(see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

The defendant Levitin argues that (1) he was denied his right to equal protection and due process of law, when, as the result of multiple requests for judicial intervention, the instant case was assigned to Justice Held rather than to Justice Vaccaro, and (2) he was deprived of a jury trial which he had demanded. However, these arguments were previously rejected by this court in the related appeal of *Homburger v Levitin* (140 AD2d 583, 584) wherein this court stated:

"On appeal the appellants contend with respect to the order dated September 29, 1987 that they were denied equal protection and due process rights when, as the result of the simulta-

neous filing of multiple requests for judicial intervention, the case was assigned to Justice Held rather than to Justice Vaccaro. The appeal from that intermediate order must be dismissed because the right of the direct appeal therefrom terminated with the entry of judgment in the action (see, Matter of Aho, 39 NY2d 241, 248). The order does not necessarily affect the final judgment and therefore the issues raised on appeal from the order are not brought up for review on the appeal from the judgment (CPLR 5501 [a] [1]). In any event, we note that at the inception of the Individual Assignment System, the parties simultaneously filed requests for judicial intervention, resulting in the random assignment of the instant case to two different Justices. This ministerial conflict appears to have been resolved by the clerk's office without external intervention. There is no evidence in the record of bias, prejudice or wrongdoing on the part of the Justice who heard the case, and whose retention of the action was recommended by the Administrative Justice of the Supreme Court, Kings County. There is therefore no impropriety or even appearance of impropriety in the court's handling of this matter.

"On the appeal from the judgment, the appellants contend that they were denied their constitutional right to a jury trial. The relief sought in the plaintiff's complaint was entirely equitable in nature. It is well established that where a plaintiff's complaint states an action in equity, it is triable by the court without a jury, and the defendant, as a matter of law, is not entitled to a trial by jury (Phoenix Mut. Life Ins. Co. v Conway, 11 NY2d 367, 370). Even where, as incidental to the main relief prayed for, the complainant asks for money damages, a separate trial by jury is not within the purview of the constitutional guarantee (Jamaica Sav. Bank v M.S. Investing Co., 274 NY 215, 221)".

We have examined the defendant Levitin's remaining contentions and find them to be without merit. Mangano, J. P., Brown, Kooper and Harwood, JJ., concur.