■ CITY OF NEW YORK, Respondent, v GROSFELD REALTY COMPANY, Appellant, et al., Defendant.—In an action to foreclose a mortgage, the defendant Grosfeld Realty Company appeals, as limited by its brief, from (1) an order of the Supreme Court, Kings County (Bernstein, J.), dated July 14, 1989, which, inter alia, granted the plaintiff's motion for summary judgment dismissing its affirmative defenses and counterclaims and (2) a judgment of foreclosure and sale of the same court dated November 30, 1989.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see, Matter of Aho, 39 NY2d 241, 248). The issues raised an appeal from the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

It is well settled that once a prima facie case has been made out, as it was here, in order to defeat a motion for summary judgment the opponent "must produce evidentiary proof in admissible form sufficient to require a trial of material questions of fact * * * or must demonstrate [an] acceptable excuse for his failure to meet the requirement of tender in admissible form" (Zuckerman v City of New York, 49 NY2d 557, 562). General allegations, merely conclusory and unsupported by competent evidence, are insufficient to defeat a motion for summary judgment (see, Alvarez v Prospect Hosp., 68 NY2d 320, 324). Upon review of the appellant's papers in opposition to the plaintiff's motion for summary judgment, we find the affidavits set forth mere conclusions concerning alleged oral representations to forego foreclosure, rather than a statement of detailed factual allegations along with other documentary evidence which is required to defeat such a motion (see,

*Nassau Trust Co. v Montrose Concrete Prods. Corp.,* 56 NY2d 175; *Flintkote Co. v Bert Bar Holding Corp.,* 114 AD2d 400; *New York State Urban Dev. Corp. v Garvey Brownstone Houses,* 98 AD2d 767, 771).

We also find the appellant's bare and unsubstantiated assertion that the plaintiff made certain assurances thereby waiving indefinitely its right pursuant to the mortgage to foreclose on the property, contradicts the express terms of the mortgage and is insufficient to create an issue of fact which would warrant a trial *(see, Nassau Trust Co. v Montrose Concrete Prods. Corp., supra; Johnson v Gaughan,* 128 AD2d 756, 757; *Flintkote Co. v Bert Bar Holding Corp., supra; New York State Loan Mtge. Enforcement & Admin. Corp. v Coney Is. Site Five Houses,* 109 AD2d 311, 316; *New York State Urban Dev. Corp. v Garvey Brownstone Houses, supra).*

We note with disfavor the attempt on the part of the appellant's attorneys to submit on this appeal an affidavit specifically rejected by the Supreme Court and, therefore, not properly part of the record on this matter. Thompson, J. P., Bracken, Brown and Eiber, JJ., concur.