■ FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver of American Bank & Trust Company, Appellant, v CARBOMIN GROUP, INC., Respondent, et al., Defendants.—In an action to foreclose a mortgage on real property owned by the defendant Carbomin Group, Inc., the plaintiff appeals (1) from so much of an order of the Supreme Court, Nassau County (Roberto, J.), dated June 11, 1990, as denied that branch of its motion which was for summary judgment against the defendant Carbomin Group, Inc., and (2) from an order of the same court, dated October 2, 1990, which denied the plaintiff's motion, in effect, for reargument.

Ordered that the order dated June 11, 1990, is reversed insofar as appealed from, on the law, that branch of the plaintiff's motion which was for summary judgment against the defendant Carbomin Group, Inc., is granted, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings consistent herewith; and it is further,

Ordered that the appeal from the order dated October 2, 1990, is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

On or about September 15, 1976, the American Bank & Trust Company was declared insolvent, and the Federal Deposit Insurance Corporation (hereinafter the FDIC) was appointed receiver of the bank. Acting in its capacity as receiver, in 1981 and 1982 the FDIC obtained judgments against the defendant Carbomin Group, Inc. (hereinafter Carbomin), totaling in excess of $2,000,000. In order to secure payment of these judgments, on July 21, 1983, Carbomin gave the FDIC a mortgage on certain real property which it owns in Glen Cove, New York.

Five years later, in July 1988, the parties entered into a settlement agreement, whereby the FDIC agreed to release Carbomin from the mortgage upon receipt of $3,400,000 by November 30, 1988. When Carbomin was unable to pay the agreed upon sum by this deadline, the parties entered into a modification agreement which gave Carbomin additional time to satisfy the mortgage. Although Carbomin defaulted on its

obligations under the modification agreement, on or about March 1989 the parties entered into a satisfaction agreement, which required Carbomin to deed the Glen Cove property to the FDIC in lieu of foreclosure, in exchange for the FDIC's guarantee to provide Carbomin with a right of first refusal and option to purchase the subject property. All of the parties' agreements, including the satisfaction agreement, expressly reserved the FDIC's right to foreclose on the subject property in the event of default by Carbomin.

After Carbomin failed to deliver the deed to the FDIC as required by the terms of the satisfaction agreement, the FDIC sent Carbomin two separate letters indicating that it would commence foreclosure proceedings. Thereafter, Carbomin and the FDIC entered into yet another agreement, wherein it is undisputed that the parties agreed that the FDIC would not foreclose until after October 31, 1989. When Carbomin failed to satisfy the mortgage by this deadline, the FDIC filed a notice of pendency and this action ensued. The FDIC subsequently moved for summary judgment, and the Supreme Court denied the motion on the grounds that triable issues of fact existed concerning the enforceability of the satisfaction agreement, and Carbomin's alleged breach of that agreement.

On appeal, Carbomin contends, *inter alia,* that its failure to deliver the deed to the Glen Cove property was not a breach of the satisfaction agreement because the FDIC failed to fulfill its obligations to tender the right of first refusal and the option to purchase. However, contrary to Carbomin's contention, the satisfaction agreement did not require the deed-in-lieu of foreclosure and the options to be simultaneously exchanged. Accordingly, Carbomin's failure to deliver the deed constituted a breach of the satisfaction agreement, and by the terms of that agreement, FDIC had the right to seek foreclosure. Equally unavailing is Carbomin's contention that the FDIC should be estopped from maintaining this foreclosure action because it failed to seek court approval of the satisfaction agreement, rendering the agreement null and void. However, even assuming that the agreement were a nullity, the FDIC still retained the right to commence foreclosure proceedings under the mortgage, the original settlement agreement, and the modification agreement.

Moreover, Carbomin's further contention that it did not receive notice of the FDIC's intention to foreclose as required by the terms of the satisfaction agreement is not supported by the record. In this regard, we note that the satisfaction agreement did not specify the type, manner, or the time frame

in which notice was to be given to Carbomin. The agreement merely provided that if, *inter alia,* Carbomin failed to comply with the terms of the agreement, the FDIC, "upon notice", at its option, could commence a foreclosure proceeding. In view of the fact that the plaintiff sent two letters to Carbomin indicating that it would commence foreclosure proceedings and, thereafter, the parties agreed that foreclosure proceedings would not be commenced until after October 31, 1989, it is clear that Carbomin was given adequate notice of the FDIC's intention to foreclose. Since Carbomin has failed to assert any defense which would properly raise a question of fact as to its default on the mortgage, we find that the FDIC is entitled to summary judgment *(see, Nassau Trust Co. v Montrose Concrete Prods. Corp.,* 56 NY2d 175).

Turning to the FDIC's subsequent motion, which it denominated as one for leave to renew and reargue, we conclude that the additional new facts upon which it contends leave to renew should have been granted constituted, in reality, an issue of law. Accordingly, that motion was for reargument. As no appeal lies from the denial of a motion for reargument, the appeal from the order dated October 2, 1990, is dismissed. Harwood, J. P., Eiber, Balletta and Rosenblatt, JJ., concur.