■ MARINE MIDLAND BANK, N. A., Appellant, v WALTER W. MALMSTROM et al., Respondents, et al., Defendants.—In an action to foreclose a mortgage, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Hand, J.), dated August 2, 1990, as denied its motion for summary judgment against the respondents Walter W. Malmstrom and Chester Ross, individually and doing business as Malmstrom Ross Associates, Malmstrom-Ross Pontiac, Ltd., and Malmstrom-Ross Suzuki, Ltd.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, the respondents' answer and their counterclaims are dismissed in their entirety, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings consistent herewith.

On August 16, 1988, the respondents took out a building loan mortgage with the plaintiff bank to finance construction of an automobile dealership, and the parties contemplated the conversion of this loan to a permanent mortgage loan. The funds made available under the building loan were to be advanced in stages as construction proceeded under the terms of a building loan agreement which was entered into simultaneously with the mortgage. Under the terms of the mortgage and note, a default under the building loan agreement was an event giving the plaintiff the right to accelerate the entire debt. The agreement itself provided that a default occurred when interest under the note was not paid for 10 days after it was due. It is undisputed that the bank did not exercise its right to accelerate the entire debt when several such defaults

occurred, but ultimately did so after defaults in paying the August and September 1989 interest. It is clear that the bank's action was also motivated by the respondents' inability to pay the costs attendant to closing the permanent loan. The respondents contend that in view of the bank's past forbearance, the assurances of its officers that it would close the permanent loan, their own willingness and ability to close, and their tender of the interest arrears in October—which was made after the notice of acceleration but before the instant foreclosure action commenced—the Supreme Court properly found issues of fact which precluded summary judgment. We disagree.

Even when the respondents' proof is accepted as true and given the benefit of every favorable inference (see, e.g., Museums at Stony Brook v Village of Patchogue Fire Dept., 146 AD2d 572), we conclude that valid defenses to foreclosure do not exist. In accord with the building loan agreement, defaults in interest payments were dealt with by the plaintiff making advance payments of principal to itself, and crediting those payments to interest. However, by the end of June 1989 the entire principal had been advanced and the defaults in interest payments which precipitated the instant action occurred afterwards. Thus, the bank's handling of the mortgagors' defaults was consistent with the parties' expectations under their agreements and the bank was under no obligation to warn the respondents of some change in policy (cf., Components Direct v European Am. Bank & Trust Co., 175 AD2d 227, 229-230). The record fully supports the bank's allegation that the respondents did not have the financial ability to pay closing costs on the date set for the closing on the permanent mortgages, September 28, 1989, and, in view of the interest defaults, the plaintiff was under no obligation to reschedule and go through with permanent financing (see, Hallaway Props. v Bank of N. Y., 155 AD2d 897, 898; Royce v Rymkevitch, 29 AD2d 1029). We note that whatever assurances the bank gave that it wished to go forward with the permanent loan ceased after one of the defendants informed the bank officer involved, three days before the closing was to occur, that neither the interest arrears nor the closing costs could be met. The bank made no promise to the respondents that foreclosure proceedings would be held in abeyance pending the closing (cf., Nassau Trust Co. v Montrose Concrete Prods. Corp., 56 NY2d 175, 181).

The late tender of interest arrears is of no moment. A mortgagee has the right to reject the tender of such arrears

after it notifies the mortgagor of acceleration of the entire debt, even if a foreclosure action has not been commenced (*Albertina Realty Co. v Rosbro Realty Corp.,* 258 NY 472; *Dime Sav. Bank v Dooley,* 84 AD2d 804).

In light of our determination, we need not reach the plaintiff's remaining contentions. O'Brien, J. P., Copertino, Pizzuto and Santucci, JJ., concur.