■ LBV PROPERTIES, Respondent, v GREENPORT DEVELOPMENT Co. et al., Defendants, and BRUCE WOLOWITZ, Appellant. —In a mortgage foreclosure action, the defendant Bruce Wolowitz appeals from (1) an order of the Supreme Court, Suffolk County (Cohalan, J.), dated November 26, 1990, which granted the plaintiff's motion for summary judgment, (2) an order of the same court dated October 25, 1991, which confirmed the report of the Referee who recommended, *inter alia,* that the subject real property be sold as one parcel, and (3) a judgment

of the same court entered November 27, 1991, for foreclosure and sale of the subject real property.

Ordered that the appeals from the orders dated November 26, 1990, and October 25, 1991, respectively, are dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs.

The appeals from the intermediate orders must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on appeal from the orders are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

The Supreme Court properly granted the plaintiff's motion for summary judgment. In support of its motion, the plaintiff established its case as a matter of law through the production of the mortgage and the unpaid note (see, Metropolitan Distrib. Servs. v DiLascio, 176 AD2d 312; Marton Assocs. v Vitale, 172 AD2d 501). It was then incumbent upon the appellant to assert any defense which could properly raise a question of fact as to his default on the mortgage (see, Nassau Trust Co. v Montrose Concrete Prods. Corp., 56 NY2d 175; Federal Deposit Ins. Corp. v Carbomin Group, 176 AD2d 853, 855). The appellant's conclusory and unsubstantiated allegations that the plaintiff behaved in a fraudulent and collusive manner are insufficient to create an issue of fact which would warrant a trial (see, Metropolitan Distrib. Servs. v DiLascio, supra).

Further, the Supreme Court properly directed that the subject real property be sold as one parcel. The parties herein did not dispute that LBV Properties was owed several million dollars by virtue of a consolidated mortgage held on one distinct parcel of land located in Greenport, Long Island. Under these circumstances, a hearing need not have been conducted prior to the issuance of the Referee's report (see, CPLR 4311; Blueberry Investors Co. v Ilana Realty, 184 AD2d 906). Moreover, the May 1989 Consolidation and Extension Agreement, to which the appellant was a party, expressly provided that "in case of a foreclosure sale, said premises, or so much thereof as may be affected by said mortgage, may be sold in one parcel".

The appellant's remaining contention is without merit. Mangano, P. J., Bracken, Sullivan and O'Brien, JJ., concur.