■ IRA P. SLOANE, Respondent, v CYRIL L. GAPE, Appellant. [595 NYS2d 108] —In an action to foreclose a mortgage, the defendant appeals from a judgment of the Supreme Court, Suffolk County (Gerard, J.), entered January 29, 1991, for foreclosure and sale of the subject real property. The defendant's notice of appeal from an order entered November 14, 1990, is deemed a premature notice of appeal from the judgment *(see,* CPLR 5520 [c]).

Ordered that the judgment is affirmed, with costs.

In his motion for summary judgment, the plaintiff estab-

lished his case as a matter of law through the production of the mortgage and unpaid note. The defendant was then required to assert any defenses which would raise a question of fact as to his default on the mortgage *(see, LBV Props. v Greenport Dev. Co.,* 188 AD2d 588; *Metropolitan Distrib. Servs. v DiLascio,* 176 AD2d 312), such as "waiver by the mortgagee, or estoppel, or bad faith, fraud, oppressive or unconscionable conduct on the latter's part" *(Nassau Trust Co. v Montrose Concrete Prods. Corp.,* 56 NY2d 175, 183). The defendant agreed to execute the note and mortgage as part of the stipulation of settlement of his matrimonial action. In his affidavit in opposition to the motion, the defendant claimed that he signed the note and mortgage under duress. However, those allegations were contradicted by his statements in open court during the stipulation colloquy. We find that the defendant's conclusory and unsubstantiated assertions were not supported by competent evidence and were insufficient to defeat the plaintiff's motion *(see, Zuckerman v City of New York,* 49 NY2d 557, 562; *LBV Props. v Greenport Dev. Co., supra; City of New York v Grosfeld Realty Co.,* 173 AD2d 436).

We have not considered those allegations which are being raised by the defendant for the first time on appeal. Sullivan, J. P., Balletta, O'Brien and Santucci, JJ., concur.