OPINION OF THE COURT
Richard F. Braun, J.
This is an action on a cash advance loan agreement between the parties and for an account stated. Plaintiff seeks $2,945.69, plus 20% attorney’s fees totaling $589.14. Plaintiff moves for summary judgment.
In order to be awarded summary judgment, a plaintiff must prove his or her cause of action sufficiently to warrant the court as a matter of law to direct judgment in the plaintiff’s favor. (CPLR 3212 [b].) A plaintiff must prove his or her claim by evidentiary proof in admissible form, and, if such proof is forthcoming, in order to defeat a summary judgment motion a defendant generally must produce his or her proof in such form to demonstrate that there is a question(s) of fact that requires a trial. (Friends of Animals v Associated Fur Mfrs., 46 NY2d 1065, 1067-1068 [1979].)
In this action, plaintiff has produced adequate proof to entitle it to partial summary judgment as to liability and damages of $2,945.69 on both causes of action, and liability on the attorney’s fees portion of the first cause of action. Plaintiff’s assistant vice-president demonstrates in his affidavit that an account agreement (Agreement) was entered into by the parties, that defendant incurred the debt that plaintiff claims is due under the Agreement, and that defendant defaulted in paying the amount due after it was demanded. Plaintiff has submitted copies of the Agreement and monthly account statements sent to defendant. The final statement demands the amount claimed due in this action, but none of the statements claims any attorney’s fees. Plaintiff’s assistant vice-president states that, after the statements were mailed to defendant, she never objected to any of the statements. Thus, plaintiff has made out its prima facie case for both its breach of contract and account stated causes of action.
There is no affidavit or acceptance of service for defendant’s answering affidavit, and thus she is in default on this motion. In any event, defendant does not dispute in her affidavit either cause of action. She specifically admits that she owes the amount claimed due. She does state that she has "a *922 dispute on the Account.”[1] However, she offers no details as to the alleged dispute. Such a conclusory assertion is insufficient to defeat summary judgment. (Zuckerman v City of New York, 49 NY2d 557, 562 [1980].) Therefore, plaintiff has proven its entitlement to summary judgment against defendant in the amount of $2,945.69.
However, plaintiff is not entitled to summary judgment as to the amount of damages that it is seeking on its attorney’s fees claim. Paragraph 2 of the Agreement does provide that defendant promises to pay plaintiff’s collection costs, including "reasonable attorney’s fees and court costs.” Banking Law § 108 (5) (e) (iv) permits plaintiff to collect certain reasonable attorney’s fees under the Agreement.[2] However, a court must not rubber stamp an agreement for attorney’s fees, even if a flat amount or percentage of recovery has been agreed to by the parties, or is authorized by statute. (Matter of First Natl. Bank v Brower, 42 NY2d 471 [1977]; Marine Midland Bank v Scallen, 161 AD2d 103, 105-106 [1st Dept 1990].) The party seeking the attorney’s fees must prove its entitlement thereto by demonstrating the "nature and extent of the services, the actual time spent, the necessity therefor, the nature of the issues involved, the professional standing of counsel, and the results achieved.” (Jordan v Freeman, 40 AD2d 656 [1st Dept 1972].)
Plaintiff’s attorney asserts that "[l]egal and non-legal personnel under a lawyer’s direct supervision” performed various services on the subject claim before and after this action was commenced, and will perform future services thereon. She details to some degree the past and future services.
The application for attorney’s fees in this action exemplifies recurring deficiencies in attorney’s fees applications. Every week the Judge assigned to Special Term, Part II of this court receives for review a large number of similar ex parte attorney’s fees requests after the default of defendants in collection *923 actions. Because some Judges of this court have limited the amount of attorney’s fees awarded to $250 on these ex parte applications no matter how much time the attorneys have spent on the matter, some attorneys correspondingly reduce their attorney’s fees request to that amount. There is absolutely no basis whatsoever in law to preclude attorneys from receiving the entire amount to which they demonstrate that they are entitled. Attorneys should be granted the complete fee to which they have proven entitlement where a contract or statute permits an award of attorney’s fees. Of course, if the fee request is unreasonable or unconscionable, the full amount sought cannot be awarded. (Equitable Lbr. Corp. v IPA Land Dev. Corp., 38 NY2d 516 [1976].)
However, as here, almost always the proof on these applications is insufficient. Often, the application does not include a copy of the complaint in the action in order to demonstrate that attorney’s fees were demanded therein (on a default, only the amount and type of relief demanded in the complaint can be awarded in a judgment, pursuant to CPLR 3215 [b]), or a copy of an executed agreement between the parties which provides for attorney’s fees, or does not show that the agreement is one for which a statute provides for the granting of attorney’s fees upon default under the agreement. Those deficiencies are not found here. As in this action, the common way that collection attorneys specify in these applications the persons who have done the legal work is to assert that attorneys and nonlegal personnel have performed certain services, without enumerating how much was performed by attorneys and how much by others. Well, who are these nonlegal personnel? Are they paralegals? Are they secretaries or clerks? This typical description of the persons performing the legal work is deficient.
It is not clearly the present state of the law that a nonattorney’s time for services provided can be a component of an attorney’s fees award. There are exceptions in certain limited circumstances, such as pursuant to CPLR 8602 (b) as to law students and paralegals supervised by an attorney, and SCPA 2110 (4) as to work done by nonattorneys supervised by an attorney for which an attorney could be compensated by the court. Both of these provisions became effective in 1990, with the latter apparently being in reaction to the then prevailing law in Surrogate’s Court barring collection of fees for those who assist an attorney. (See, e.g., Matter of Corya, 148 Misc 2d 723, 736 [Sur Ct, Suffolk County 1990] [recovery of paraprofessional’s fees was denied]; Matter of Lessig, 165 Misc 706, 707 [Sur Ct, Kings County 1937] [reimbursement for an investigator’s fee was denied].) As paralegals often competently per *924 form certain services equivalent to those done by attorneys, while generally charging their time at a lesser rate than attorneys, thus benefitting those who pay the fees, the Legislature should make paralegal fees compensable under all those statutes which permit recovery of attorney’s fees.[3] There is a growing sentiment among the Bar for such a change.[4]
Therefore, lumping together all of the time spent in preparing and processing a collection claim in litigation without itemizing what was done and how much time was spent by the attorney(s) and how much by others, including paralegals, requires that the court hold a hearing on such a claim. Furthermore, the request for attorney’s fees here for expected future work must be denied. The amount of such projected services is merely speculative, and speculative damages cannot be awarded. (Kenford Co. v County of Erie, 67 NY2d 257 [1986]; Steitz v Gifford, 280 NY 15, 20 [1939].) Finally, plaintiff does not state how many hours were spent on the provision of attorney’s services, or the names and professional backgrounds of the attorneys.
Therefore, plaintiff must notice an assessment of damages hearing as to its claim for attorney’s fees. The clerk of this court shall notify the parties as to the time and place of the hearing. Defendant can appear at the hearing and challenge the amount of attorney’s fees sought, if she desires. (McClelland v Climax Hosiery Mills, 252 NY 347, 351 [1930].)

. Defendant further states that she is unemployed and is willing to pay the amount claimed due as soon as she becomes employed. Although this court sympathizes with defendant, her unemployment status is not a defense to plaintiffs complaint. CPLR 5226 does permit a judgment creditor to obtain an installment payment order under certain circumstances, but there is no law providing a prejudgment remedy for a debtor seeking leave to pay off a debt in installments. (Cf., 5240 [provides for modification of an execution procedure, such as an income execution].)

. Contrary to plaintiff’s alternative argument, the Agreement on its face is not the kind subject to Personal Property Law § 413 (5), and plaintiff does not demonstrate otherwise that it is. Even if it were, the result would still be the same here.

. Of course, parties are free to contract regarding rights of collection for paralegal fees. (Matter of Goldstein, 134 Misc 2d 57 [Sur Ct, Queens County 1986].)

. At the House of Delegates meeting of the American Bar Association on August 10-11, 1993, the following resolution, No. 10B, was approved: "resolved, That the American Bar Association supports the award of legal assistant/paralegal fees to law firms or attorneys who represent prevailing parties in a lawsuit where statutes or current case law allow for the recovery of attorney fees.” The resolution was recommended by the New York County Lawyers’ Association, jointly with the ABA’s Standing Committee on Legal Assistants, the Columbus Bar Association, the Maryland State Bar Association, Inc., the New Jersey State Bar Association, and the Section of Taxation. On March 29, 1993, the New York County Lawyers’ Association approved the March 23, 1993 recommendation of its Committee on Legal Assistance to support a resolution which was substantially the same as the aforesaid resolution. The earlier resolution had been proposed by the ABA’s Standing Committee on Legal Assistants.