■ MARINE MIDLAND BANK, N. A., Respondent, v FREEDOM ROAD REALTY ASSOCIATES et al., Appellants, et al., Defendants. [611 NYS2d 34] —In an action to foreclose a mortgage, the defendants Freedom Road Realty Associates, Insulpane, Inc., Robert Waxtel, Charles Squillante, and Edward Smith appeal, (1) as limited by their brief, from so much of an order of the Supreme Court, Orange County (Hillery, J.), dated April 30, 1992, as granted those branches of the plaintiffs' motion which were for summary judgment and for dismissal of their affirmative defenses and counterclaims, and denied their cross motion for leave to serve an amended answer, (2) from an order of the same court dated December 9, 1992, which denied their motion, in effect, for reargument, and (3) from a judgment of foreclosure and sale of the same court entered December 16, 1992.

Ordered that the appeal from the order dated April 30, 1992, is dismissed; and it is further,

Ordered that the appeal from the order dated December 9, 1992, is dismissed since no appeal lies from an order denying reargument; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs.

The appeal from the intermediate order dated April 30, 1992, must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action *(see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from that order are brought up for review and have been considered on the appeal from the judgment *(see,* CPLR 5501 [a] [1]).

In its motion for summary judgment, the plaintiff established its case as a matter of law through the production of the mortgage and the unpaid note. The appellants were then required to assert any defenses which would raise a question of fact about their default on the mortgage *(see, LBV Props. v Greenport Dev. Co.,* 188 AD2d 588; *Metropolitan Distrib. Servs. v DiLascio,* 176 AD2d 312), such as " 'waiver by the mortgagee, or estoppel, or bad faith, fraud, oppressive or unconscionable conduct on the latter's part' " *(Nassau Trust Co. v*

*Montrose Concrete Prods. Corp.*, 56 NY2d 175, 183, quoting *Ferlazzo v Riley*, 278 NY 289, 292). In the present case, we find that the appellants' conclusory and unsubstantiated assertions are not supported by competent evidence and are insufficient to defeat the plaintiff's motion *(see, Zuckerman v City of New York*, 49 NY2d 557; *LBV Props. v Greenport Dev. Co., supra)*.

Moreover, even if, as the appellants contend, a necessary party to the foreclosure action was not joined, such a party would not be an indispensable party whose absence mandates dismissal of the action *(see,* CPLR 1001 [b]). The absence of a necessary party in a mortgage foreclosure action simply leaves that party's rights unaffected by the judgment of foreclosure and sale *(see, Polish Natl. Alliance v White Eagle Hall Co.*, 98 AD2d 400; *Empire Sav. Bank v Towers Co.*, 54 AD2d 574).

Additionally, the Supreme Court correctly noted that the appellant's motion, characterized as one to renew, was not based upon new facts which were unavailable at the time of the original motion. Under these circumstances, this Court has held that such a motion is actually a motion to reargue, the denial of which is not appealable *(see, Mgrditchian v Donato*, 141 AD2d 513; *Matter of Bosco*, 141 AD2d 639; *Matter of Kadish v Colombo*, 121 AD2d 722).

We have considered the appellants' remaining contentions and find that they are without merit. Sullivan, J. P., O'Brien, Goldstein and Florio, JJ., concur.