■ JUGAL K. AGRAWAL, Respondent, v RASA RAZGAITIS et al., Appellants, et al., Defendant. [619 NYS2d 93] —In an action, *inter alia,* for an accounting, the defendants Rasa and Antanas Razgaitis appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Nassau County (Ain, J.), entered June 19, 1991, as, after a nonjury trial, is in favor of the plaintiff and against them in the principal sum of $268,-298.

Ordered that the judgment is modified, on the law and on the facts, by reducing the principal sum awarded to the plaintiff from $268,298 to $250,743.38; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for the entry of an appropriate amended judgment.

The plaintiff, a partner in North Shore Partnership, which was formed to purchase and develop land, sought, among other things, an accounting against another partner, the appellant Rasa Razgaitis, and her husband, the appellant Antanas Razgaitis. The plaintiff alleged that various payments that the appellants were required to make pursuant to the partnership agreement and other supplemental agreements had not been made. Because the plaintiff's claims were essentially for equitable relief and the damages demanded by him were merely ancillary thereto, the Supreme Court did not err in refusing the appellants' request for a jury trial *(see,* 4 Weinstein-Korn-Miller, NY Civ Prac ¶ 4101.37; *Shaiman v Flint,* 161 AD2d 573; *Homburger v Levitin,* 140 AD2d 583; *Kaufman v Brenner,* 63 AD2d 692, *affd* 46 NY2d 787).

The appellants contend that the Supreme Court should have

drawn a negative inference against the plaintiff because the defendant Litas Investing Company (hereinafter Litas) failed to produce records that were demanded of it. This issue was not raised at the Supreme Court and is, therefore, not properly before this Court. In any event, it would have been improper to sanction the plaintiff for the acts of Litas *(see generally, Oak Beach Inn Corp. v Babylon Beacon,* 62 NY2d 158, *cert denied* 469 US 1158). Furthermore, the appellants failed to present evidence that Litas had willfully disobeyed a disclosure order or that it had been able to comply with such an order *(see, Battaglia v Hofmeister,* 100 AD2d 833; 3A Weinstein-Korn-Miller, NY Civ Prac ¶¶ 3126.01-3126.05).

The appellants raise several meritorious contentions concerning the damages that were assessed against them. Because we find that the supplemental agreement between the appellants and North Shore Partnership for the sale of a certain piece of property owned by the partnership granted to the appellants the exclusive use of the cottage on the property (at an agreed upon rent) until the completion of the sale, the rent collected by the appellants from the tenants to whom they had sublet the cottage, which was paid to the partnership, should have been credited to the appellants *(see generally,* 1 Rasch, New York Landlord and Tenant §§ 9:57-9:101). To hold otherwise would allow the partnership to collect rent from both the appellants and the subtenants. Accordingly, the damages are reduced by $7,825. Furthermore, various payments that were made by the appellants before July of 1979, as evidenced by canceled checks in the record, were not properly credited to them. Accordingly, the damages are reduced by an additional $1,362.66. Finally, our calculations indicate that the maintenance and rent paid by the appellants for the period commencing in August of 1979 is $31,832.96, and not $23,466. Therefore, the damages are reduced by an additional $8,366.96.

We have considered the appellants' remaining contentions and find them to be without merit. Bracken, J. P., Lawrence, Friedmann and Goldstein, JJ., concur.