■ ROSEMARY LUPOLI, Respondent, v MATTHEW M. LUPOLI, Appellant. [624 NYS2d 889] —In an action to foreclose a mort-

gage, the defendant appeals from so much of an order and judgment (one paper) of the Supreme Court, Queens County (Di Tucci, J.), dated September 8, 1993, as denied his motion for summary judgment, dismissed his affirmative defenses, granted the plaintiff's cross motion for summary judgment, and awarded the plaintiff the principal sum of $44,010.41.

Ordered that the order and judgment is affirmed insofar as appealed from, with costs.

It is well established that on a motion for summary judgment, the court must determine whether the factual issues presented are genuine or unsubstantiated. Conclusory, general allegations that are unsupported by competent evidence are insufficient to defeat a motion for summary judgment (see, City of New York v Grosfeld Realty Co., 173 AD2d 436). The affidavits submitted by the defendant in opposition to the plaintiff's prima facie showing of her entitlement to summary judgment set forth mere conclusions concerning alleged agreements not incorporated into the contract rather than the documentary evidence which was necessary to defeat the motion (see, City of New York v Grosfeld Realty Co., supra). In addition, the defendant's affirmative defenses and counterclaims are without merit.

The defendant's contention that the Supreme Court improperly ordered the recall of a prior order is not reviewable since it does not necessarily affect the final judgment (see, CPLR 5501 [a] [1]; see, Homburger v Levitin, 140 AD2d 583).

Finally, the Supreme Court properly excluded parol evidence since the terms of the contract are clear and unambiguous (see, Slamow v Del Col, 174 AD2d 725, affd 79 NY2d 1016). Bracken, J. P., Pizzuto, Altman and Krausman, JJ., concur.