■ RICHARD PELLICANE, Plaintiff, v NORSTAR BANK, Defendant. (Action No. 1.) FLEET BANK, Appellant, v CLARENCE R. BANKS, Respondent. (Action No. 4.) (And Other Actions.) [624 NYS2d 214] —In consolidated actions, *inter alia,* to recover a sum due pursuant to a guarantee of a mortgage loan executed by the defendant Clarence R. Banks in Action No. 4, Fleet Bank appeals from an order of the Supreme Court, Suffolk County (Underwood, J.), dated August 30, 1993, which denied its motion for summary judgment.

Ordered that the order is affirmed, with costs.

In support of its motion for summary judgment, Fleet Bank (hereinafter Fleet) established its case as a matter of law *(see, Marine Midland Bank v Freedom Rd. Realty Assocs.,* 203 AD2d 538; *LBV Prop. v Greenport Dev. Co.,* 188 AD2d 588, 589). It thus became incumbent upon the defendant Clarence

R. Banks to assert any defenses which would raise a question of fact about the default on the mortgage, such as waiver, estoppel, bad faith, fraud, or oppressive or unconscionable conduct on the part of Fleet *(see, Marine Midland Bank v Freedom Rd. Realty Assocs., supra,* at 538, quoting *Nassau Trust Co. v Montrose Concrete Prods. Corp.,* 56 NY2d 175, 183). Accepting Banks' proof as true and giving him the benefit of every favorable inference *(see, Marine Midland Bank v Malmstrom,* 186 AD2d 722, 723), we conclude that he has created an issue of fact as to the existence of valid defenses to enforcement of the mortgage loan as written. Indeed, Banks' affidavit in opposition to Fleet's summary judgment motion contained detailed facts and included supporting documentation regarding the parties' alleged oral modification of the terms of the subject mortgage loan *(see, Bank of N. Y. v Midland Ave. Dev.,* 193 AD2d 641, 642; *cf., City of New York v Grosfeld Realty Co.,* 173 AD2d 436; *cf., Flintkote Co. v Bert Bar Holding Corp.,* 114 AD2d 400). Accordingly, since Banks' allegations are sufficient to create an issue of fact warranting a trial, the Supreme Court properly denied Fleet's summary judgment motion.

The parties' remaining contentions are either raised for the first time on appeal or without merit. Copertino, J. P., Pizzuto, Joy and Friedmann, JJ., concur.