■ NAUGATUCK SAVINGS BANK, Respondent, v KENNETH GROSS, Appellant. [625 NYS2d 572] —In an action to recover upon a guarantee, the defendant appeals from (1) an order of the Supreme Court, Westchester County (Ruskin, J.), dated October 28, 1993, which granted the plaintiff's motion for summary judgment in lieu of a complaint, and awarded the plaintiff the principal sum of $364,000 and attorney's fees in the sum of $6,000, and (2) a judgment of the same court, entered October 24, 1993, upon the order.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is modified, by deleting the provision thereof which awarded the plaintiff attorney's fees in the sum of $6,000, and substituting therefor a provision awarding the plaintiff attorney's fees in the sum of $4,100; as so modified, the judgment is affirmed; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (see, CPLR 5501 [a] [1]).

The plaintiff sustained its initial burden of demonstrating its entitlement to judgment as a matter of law by submitting proof of the existence of the mortgage note, the defendant's individual guarantee of the note, and the defendant's default in payment after due demand (see, Gemilas Chesed Kehilath Jakov Papa v Oberlander, 212 AD2d 574; Zitel Corp. v Fonar Corp., 210 AD2d 221; Beube v English, 206 AD2d 339). It was thus incumbent upon the defendant to demonstrate, by admissible evidence, the existence of a genuine triable issue of fact with respect to a bona fide defense (see, Gemilas Chesed Kehilath Jakov Papa v Oberlander, supra; Zitel Corp. v Fonar Corp., supra). Here, the defendant's conclusory assertions that the plaintiff bank acted in bad faith by failing to provide appropriate funding for the condominium project, and by

failing to approve prospective condominium purchasers, were wholly unsubstantiated by evidentiary proof, and were thus insufficient to defeat the plaintiff's motion for summary judgment.

However, we agree with the defendant's contention that the Supreme Court should not have awarded the plaintiff attorney's fees for anticipated future services which may be performed in enforcing the judgment (see, National Union Fire Ins. Co. v Hartel, 782 F Supp 22, affd 972 F2d 1328; First Deposit Natl. Bank v Moreno, 159 Misc 2d 920; Avco Fin. Servs. Trust v Bentley, 116 Misc 2d 34). Accordingly, we modify the attorney's fee award to eliminate compensation for prospective services. Sullivan, J. P., Copertino, Pizzuto and Krausman, JJ., concur.