■ MOISHE OSHRY et al., Appellants, v NEW YORK CITY TRANSIT AUTHORITY, Respondent. [632 NYS2d 482] —Appeal by the plaintiffs from an order of the Supreme Court, Kings County (Feinberg, J.), dated May 26, 1994.

Ordered that the order is affirmed, with costs, for reasons stated by Justice Feinberg at the Supreme Court. Bracken, J. P., O'Brien, Ritter, Friedmann and Goldstein, JJ., concur.

■ RED ROCK HOLDINGS, LTD., Appellant, v NEAL MANDEL, Respondent, et al., Defendants. [632 NYS2d 212] —In an action to foreclose a mortgage, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Tanenbaum, J.), dated August 17, 1994, as, upon reargument, adhered to a prior determination of the same court, made in an order dated January 29, 1993, denying the plaintiff's motion for summary judgment.

Ordered that the order is affirmed insofar as appealed from, with costs.

Since the plaintiff sustained its initial burden of demonstrating its entitlement to judgment as a matter of law *(see, Marine Midland Bank v Freedom Rd. Realty Assocs.,* 203 AD2d 538; *LBV Prop. v Greenport Dev. Co.,* 188 AD2d 588, 589), the defendant Neal Mandel was required to allege facts in opposition which, if true, would constitute a meritorious defense *(see, Nassau Trust Co. v Montrose Concrete Prods. Corp.,* 56 NY2d 175, 182; *Naugatuck Sav. Bank v Gross,* 214 AD2d 549). Accepting Neal Mandel's proof as true, and giving him the benefit of every favorable inference *(see, Pellicane v Norstar Bank,* 213 AD2d 610; *Marine Midland Bank v Malmstrom,* 186 AD2d 722, 723), he has successfully established the existence of factual issues warranting a plenary trial. Unlike those cases in which this Court has rejected a mortgagor's conclusory allegations in opposition to a foreclosing mortgagee's motion for summary judgment *(see, Naugatuck Sav. Bank v Gross, supra; Gemilas Chesed Kehilath Jakov Papa v Oberlander,* 212 AD2d 574; *Marine Midland Bank v Freedom Rd. Realty Assocs.,* 203 AD2d 538; *City of New York v Grosfeld Realty Co.,* 173 AD2d 436; *Flintkote Co. v Bert Bar Holding Corp.,* 114 AD2d 400), Neal Mandel's allegations are factually specific and are neither bare nor unsubstantiated *(see, e.g., Pellicane v Norstar Bank, supra; Bank of N. Y. v Midland Ave. Dev.,* 193 AD2d 641). Mangano, P. J., Balletta, Pizzuto and Santucci, JJ., concur.