■ ANTHONY GANGE, Respondent, v TILLES INVESTMENT CO., Defendant and Third-Party Plaintiff-Appellant-Respondent. JOHN ELECTRIC SERVICE, Third-Party Defendant-Respondent-Appellant. [632 NYS2d 808] —In an action to recover damages for personal injuries, (1) the third-party defendant John Electric

Service appeals (a) from an order of the Supreme Court, Nassau County (Kutner, J.), dated June 17, 1994, which denied its motion for summary judgment dismissing the plaintiff's causes of action under Labor Law §§ 200, 240 (1), and granted the plaintiff's cross motion for partial summary judgment on the issue of liability under Labor Law § 240 (1), and (b) as limited by its brief, from so much of an order and interlocutory judgment (one paper) of the same court, entered December 21, 1994, as denied its motion for summary judgment dismissing the plaintiff's causes of action under Labor Law §§ 200, 240 (1), and awarded judgment in favor of the plaintiff and against Tilles Investment Co. on the issue of liability under Labor Law § 240 (1), and (2) the third-party defendant Tilles Investment Co. separately appeals from so much of the same order and interlocutory judgment (one paper), as awarded judgment in favor of the plaintiff and against it on the issue of liability under Labor Law § 240 (1), denied its application for partial summary judgment against John Electric Service on the issue of indemnification, and awarded costs to the plaintiff.

Ordered that the appeal from the order is dismissed, as that order was superseded by the order and interlocutory judgment (one paper); and it is further,

Ordered that the order and interlocutory judgment (one paper) is modified, on the law, (1) by deleting the provision thereof awarding judgment in favor of the plaintiff and against Tilles Investment Co. on the issue of liability under Labor Law § 240 (1), and substituting therefor a provision denying the plaintiff's cross motion for partial summary judgment on the issue of liability under Labor Law § 240 (1), (2) by deleting the provision thereof which denied the branch of the motion of John Electric Service which was for summary judgment dismissing the plaintiff's cause of action under Labor Law § 200, and substituting therefor a provision granting that branch of the motion, and (3) by deleting the provision thereof which denied the application of Tilles Investment Co. for summary judgment against John Electric Service on the issue of indemnification, and substituting therefor a provision granting the application conditionally in the event that the plaintiff recovers damages from Tilles Investment Co.; as so modified, the order and interlocutory judgment (one paper) is affirmed insofar as appealed from, without costs or disbursements.

The Supreme Court did not err in declining to dismiss the plaintiff's cause of action pursuant to Labor Law § 240 (1). A fall from a height of five feet involves an "elevation-related risk" covered under Labor Law § 240 (1) (see, Gordon v Eastern

*Ry. Supply*, 82 NY2d 555, 561). Furthermore, the fact that the plaintiff fell off of the ladder only after he sustained an electric shock does not preclude recovery under Labor Law § 240 (1) for injuries sustained as a result of the fall from the ladder (*see, Izrailev v Ficarra Furniture*, 70 NY2d 813). However, the plaintiff is not entitled to summary judgment under Labor Law § 240 (1) as there are questions of fact as to whether, *inter alia*, the ladder, which was not shown to be defective in any way, failed to provide proper protection, and whether the plaintiff should have been provided with additional safety devices (*see, Vessio v Ador Converting & Biasing*, 215 AD2d 648; *Katisfarakis v Central School Dist. No. 1.*, 201 AD2d 622; *cf., Gordon v Eastern Ry. Supply, supra; Whalen v Sciame Constr. Co.*, 198 AD2d 501).

The cause of action pursuant to Labor Law § 200 should have been dismissed as there was no showing that Tilles Investment Co. directed or controlled the plaintiff's work (*see, Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876; *Vilardi v Berley*, 201 AD2d 641; *Edwards v Twenty-Four Twenty-Six Main St. Assocs.*, 195 AD2d 592). While the plaintiff alleged in his affidavit in opposition to the motion to dismiss that he saw the Tilles Investment Co. project manager "clearly supervise" the work, this is a bald, conclusory allegation which will not defeat a motion for summary judgment (*see, Lupoli v Lupoli*, 213 AD2d 457).

Similarly, Tilles Investment Co. was entitled to a conditional judgment on the issue of indemnity against John Electric Service pending the determination of the plaintiff's action (*see, Kemp v Lakelands Precast*, 55 NY2d 1032; *McCabe v Queensboro Farm Prods.*, 22 NY2d 204; *Richardson v Matarese*, 206 AD2d 354). Tilles Investment Co. is entitled to indemnification as it made a prima facie showing that it neither directed nor controlled the plaintiff's work (*see, Mackey v Beacon City School Dist.*, 216 AD2d 534; *Richardson v Matarese, supra; Edlin v Glinsky*, 154 AD2d 648). Thompson, J. P., Altman, Goldstein and Florio, JJ., concur.