■ ICC BRIDGEPORT LIMITED PARTNERSHIP, Appellant, v PRIMROSE DEVELOPMENT CORP. et al., Respondents, et al., Defendants. [633 NYS2d 571] —In an action to foreclose a mortgage, the plaintiff appeals from so much of an order of the Supreme Court, Westchester County (Fredman, J.), entered March 15, 1994, as (1) denied the branches of its motion which were for summary judgment (a) awarding it a judgment of foreclosure and sale, (b) dismissing the affirmative defenses of the answering defendants, and (c) dismissing the counterclaims of the defendants Primrose Development Corp., David Cioccolanti, and Joseph Cioccolanti, and (2) granted the cross motion of the defendant Primrose Development Corp. for leave to serve an amended answer.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, those branches of the plaintiff's motion which were for summary judgment (a) awarding it a judgment of foreclosure and sale, (b) dismissing the affirmative defense of the answering defendants, and (c) dismissing the counterclaims of the defendants Primrose Development Corp., David Cioccolanti, and Joseph Cioccolanti are granted, the cross motion of the defendant Primose Development Corp. is denied, and the matter is remitted to the Supreme Court, Westchester County, for further proceedings consistent herewith.

The Supreme Court erred in denying that branch of the plaintiff's motion which was for summary judgment awarding it a judgment of foreclosure and sale. The plaintiff, as assignee of the Federal Deposit Insurance Corporation, established its case as a matter of law through the production of the mortgage and the unpaid note *(see, LBV Props. v Greenport Dev. Co.,* 188 AD2d 588; *Metropolitan Distrib. Servs. v DiLascio,* 176 AD2d 312).

The defendant Primrose Development Corp. (hereinafter Primrose) failed to raise any question of fact as to its default on the mortgage *(see, LBV Props. v Greenport Dev. Co., supra).* Those affirmative defenses and counterclaims which are premised on an alleged oral agreement to provide future financing are meritless under Federal law *(see,* 12 USC § 1823

[e]; *Langley v Federal Deposit Ins. Corp.,* 484 US 86; *D'Oench, Duhme & Co. v Federal Deposit Ins. Corp.,* 315 US 447) and State law *(see, Bank of Suffolk County v Kite,* 49 NY2d 827). In addition, the assertion that the original lender and Primrose were engaged in a joint venture is meritless as well *(see, Home Sav. Bank v Arthurkill Assocs.,* 173 AD2d 776; *Ramirez v Goldberg,* 82 AD2d 850).

Assuming, without deciding, that the plaintiff should be denied Federal holder-in-due-course status, and that it is therefore not immune from personal defenses and counterclaims, we have examined each such defense and counterclaim not based on the alleged oral agreement, and have determined that they are insufficient to defeat the plaintiff's motion for summary judgment dismissing those affirmative defenses and counterclaims. Thus, for example, the defenses of usury, duress, and the failure to join other parties are unavailing here *(see,* General Obligations Law § 5-521 [1]; *Grubel v Union Mut. Life Ins. Co.,* 54 AD2d 686; *Marine Midland Bank v Freedom Rd. Realty Assocs.,* 203 AD2d 538).

Accordingly, it was error not to have granted those branches of the plaintiff's motion which were for summary judgment awarding it a judgment of foreclosure and sale and dismissing the affirmative defenses and counterclaims.

The Supreme Court also erred in granting Primrose leave to amend its answer. Although leave to amend should be freely given, a motion for leave to amend should be denied if, as is the case here, the substance of the proposed pleading lacks merit *(see, Crimmins Contr. Co. v City of New York,* 74 NY2d 166). Even if, as Primrose claims, its accountant disclosed to the plaintiff unspecified secret or confidential information, no cognizable equitable or legal defense or counterclaim against the plaintiff was asserted. Primrose was in default long before any alleged disclosures were made, and it could not have been damaged by the plaintiff's exercise of its right, as owner of the note and mortgage, to commence this foreclosure action *(see, Marton Assocs. v Vitale,* 172 AD2d 501). Balletta, J. P., Miller, O'Brien and Copertino, JJ., concur.