■ JOHN SMITH et al., Plaintiffs, v STATEN THEATRE GROUP et al., Respondents, and PEPCO CONSTRUCTION CORP., Defendant and Third-Party Plaintiff-Appellant. PRECISION GUARANTEED ERECTORS, INC., Third-Party Defendant. [666 NYS2d 454] —In an action to recover damages for personal injuries, etc., the defendant Pepco Construction Corp. appeals from an order of the Supreme Court, Kings County (Kramer, J.), dated November 15, 1996, which, *inter alia*, granted the motion of

the defendants Staten Theatre Group and United Artists Theatre Circuit, Inc., for summary judgment on their cross claims against it for contractual and common-law indemnification.

Ordered that the order is affirmed, with costs.

The respondents, Staten Theatre Group and United Artists Theatre Circuit, Inc. (hereinafter United Artists), established their prima facie entitlement to judgment as a matter of law with respect to their cross claims for common-law and contractual indemnity against the defendant Pepco Construction Corp. (hereinafter Pepco) (*see, Zuckerman v City of New York,* 49 NY2d 557; *Manufacturers Hanover Trust Co. v Belizon,* 225 AD2d 527; *Crawford v L.S.S. Leasing Corp.,* 210 AD2d 451; *Schumer v Burtan,* 208 AD2d 823; *Matter of Maeder,* 203 AD2d 464; *Ramage v Feore,* 163 AD2d 286). In particular, the respondents submitted the affidavit of Hal Cleveland, executive vice president of United Artists, stating, *inter alia,* that the respondents did not direct, supervise, or control the performance of the work at issue. The only document submitted by Pepco in opposition to the motion was the affirmation of an attorney who lacked personal knowledge of the facts and who failed to specifically address the arguments advanced by the respondents, except to make conclusory assertions that further discovery was required (*see, Crawford v L.S.S. Leasing Corp., supra,* at 452). Under the circumstances presented, the Supreme Court properly granted the respondents' motion (*see, McCabe v Queensboro Farm Prods.,* 22 NY2d 204, 208; *see also, Pennsylvania Gen. Ins. Co. v Austin Powder Co.,* 68 NY2d 465, 470; *McDermott v City of New York,* 50 NY2d 211; *Sikorski v Springbrook Fire Dist.,* 225 AD2d 1041; *Kavanaugh v Marrano/Marc Equity Corp.,* 225 AD2d 1037; *Gange v Tilles Inv. Co.,* 220 AD2d 556, 558; *Richardson v Matarese,* 206 AD2d 354, 355).

Pepco's remaining contentions are without merit. Bracken, J. P., Thompson, Krausman and Luciano, JJ., concur.