■ FEDERAL DEPOSIT INSURANCE CORPORATION, Respondent, v 7 A.M. TO 11 P.M. DELICATESSEN, INC., Defendant, and JOSEPH SAUERHOFF, Appellant. [675 NYS2d 872] —In an action to recover on a guaranty of payment, the defendant Joseph Sauerhoff appeals from so much of (1) an order of the Supreme Court, Richmond County, (Mastro, J.), dated March 3, 1997, which granted that branch of the plaintiff's motion which was for summary judgment in lieu of complaint pursuant to CPLR 3213 as against him and (2) a judgment of the same court, dated July 21, 1997, as is in favor of the plaintiff and against him in the principal sum of $120,000. The appellant's notice of appeal from the order dated March 3, 1997, is also deemed a notice of appeal from the judgment (*see,* CPLR 5512 [a]).

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed insofar as appealed from; and it is further,

Ordered that the respondent is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho*, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

The plaintiff sustained its initial burden of demonstrating its entitlement to judgment as a matter of law by submitting proof of the existence of the underlying note, the guaranty, and the failure to make payment in accordance with their terms (*see,* CPLR 3213; *Naugatuck Sav. Bank v Gross*, 214 AD2d 549). It was thus incumbent upon the appellant to demonstrate, by admissible evidence, the existence of a genuine triable issue of fact with respect to a bona fide defense. Here, the appellant's unsupported conclusory allegations were insufficient to defeat the plaintiff's motion (*see, Naugatuck Sav. Bank v Gross, supra;*

*Grammas Assocs., Architectural & Eng'g Servs. v Ehrlich,* 229 AD2d 517; *SCP [Bermuda] v Bermudatel Ltd.,* 224 AD2d 214). Mangano, P. J., Miller, Pizzuto and Krausman, JJ., concur.