■ HELEN CARRERAS, Respondent, v ALAN WEINREB et al., Appellants, et al., Defendants. [741 NYS2d 737] —In an action to foreclose a mortgage, the defendants Alan Weinreb, Michael Weinreb, and Mikal Realty Co. appeal from an order of the Supreme Court, Suffolk County (Lifson, J.), dated April 23, 2001, which denied their motion to dismiss the complaint as barred by the statute of limitations and for failure to join a necessary party, without prejudice to renew within 60 days.

Ordered that the order is modified by adding a provision thereto directing the plaintiff to add Humbert Carreras as a necessary party; as so modified, the order is affirmed, without costs or disbursements.

On September 19, 1985, the plaintiff and her husband, Humbert Carreras, were assigned a mortgage on certain property in Suffolk County. The appellants were owners of the property when the plaintiff and her husband were assigned the mortgage, which was in default. There is no dispute that any action to recover payments under the mortgage would be time barred pursuant to the six-year statute of limitations.

However, the appellants' action in tendering payment and in bringing an action pursuant to RPAPL 1921 to discharge the mortgage after tendering the payment which the appellants considered to be the amount due and owing under the mortgage, was sufficient acknowledgment that they owed the remaining balance due under the mortgage (see Roth v Michelson, 55 NY2d 278; General Obligations Law § 17-101).

Accordingly, the appellants' motion was properly denied. While the appellants had the opportunity to renew their mo-

tion within 60 days, they did not do so and the order appealed from became final.

Finally, under the circumstances herein mentioned, Humbert Carreras is a necessary party and must be added by the plaintiff (*see Marine Midland Bank v Freedom Rd. Realty Assoc.*, 203 AD2d 538). Ritter, J.P., Feuerstein, Luciano and Adams, JJ., concur.