■ C.P.I. Equipment Corp., Respondent, v Nasso Concrete Corporation et al., Defendants, and Murray Hill Place, Inc. et al., Appellants. [760 NYS2d 322] —Judgment, Supreme Court, New York County (Diane Lebedeff, J.), entered August 9, 2002, after a nonjury trial, insofar as appealed from enforcing plaintiff's mechanic's lien in the principal amount of $27,016.89, plus interest, costs and disbursements, unanimously affirmed, with costs.

Plaintiff filed a mechanic's lien for $27,016.89 and commenced this action several months later, but never filed a notice of pendency. However, within a year of the filing of plaintiff's lien, another subcontractor on the project filed a notice of pendency against appellants' property naming plaintiff

as a defendant, and plaintiff appeared in the associated action. Plaintiff's joinder in that other action saved its lien (Lien Law § 17), and made its filing of a separate notice of pendency unnecessary to the maintenance of this action (*cf. Tri-City Elec. Co. v People,* 96 AD2d 146, 150-151 [1983], *affd on other grounds* 63 NY2d 969 [1984]). Nor must the action be dismissed for failure to join necessary parties, i.e., other lienors (Lien Law § 44), absent timely objection by appellants (*see Carruthers v Waite Min. Co.,* 306 NY 136 [1953]; *Marine Midland Bank v Freedom Rd. Realty Assoc.,* 203 AD2d 538, 539 [1994]). The record does not support appellants' argument that the contractor that engaged plaintiff had been paid in full as of the time plaintiff filed its lien. We have considered appellants' other arguments and find them unavailing. Concur—Nardelli, J.P., Tom, Andrias, Sullivan and Friedman, JJ.