■ BANKERS TRUST COMPANY, Respondent, v BARRY A. HOO-VIS, Appellant, et al., Defendants. [694 NYS2d 245] —Graffeo, J. Appeals (1) from an order of the Supreme Court (Meddaugh, J.), entered March 10, 1998 in Sullivan County, which, *inter alia*, denied defendant Barry Alan Hoovis' motion for summary judgment dismissing the complaint, and (2) from an order of said court, entered November 4, 1998 in Sullivan County, awarding counsel fees to plaintiff.

In 1989 defendant procured a mortgage with Olympia Mortgage Corporation in the amount of $64,000 in connection with the purchase of a home in the Town of Fallsburg, Sullivan County. The mortgage and note were originally assigned to Comfed Savings Bank and eventually to plaintiff, with the Ryland Mortgage Company administering the mortgage. Under the terms of the loan, defendant's monthly mortgage payments were $471.43 plus escrow payments for insurance and taxes.

On March 6, 1997 Ryland notified defendant that the February and March 1997 mortgage payments had not been received. Shortly thereafter, defendant contacted Ryland and was informed that the February payment had been received but the March payment remained outstanding. By letter dated May 14, 1997 Ryland apprised defendant that the delinquent loan had been referred to an attorney to initiate foreclosure proceedings.* The following week Ryland received two payments from defendant, at which time defendant's account was three months in arrears, totaling $1,414.00. On May 27, 1997 plaintiff's attorney returned one of defendant's checks claiming that it was insufficient to reinstate the mortgage as it did not cover the entire amount due. Defendant's subsequent check, received by plaintiff on June 12, 1997, was also rejected on the basis that the proffered payment did not satisfy the outstanding total indebtedness.

Plaintiff then commenced this foreclosure action. After

---

* Defendant claims that he received the May 14, 1997 letter on June 7, 1997.

joinder of issue, defendant moved for summary judgment to dismiss the complaint, to request that Supreme Court direct plaintiff to accept his payments for February through April 1997 without late charges for reinstatement of the mortgage, and to award him counsel fees in the amount of $1,500. By order dated February 23, 1998, the court denied defendant's motion for summary judgment and dismissed his third and fifth affirmative defenses regarding standing and lack of jurisdiction, respectively.

Plaintiff's application to substitute "Hoovis Enterprises" as a named defendant in place of "John Doe and Jane Doe" was granted, but Supreme Court denied its cross motion for summary judgment. Thereafter the parties entered into a stipulation in June 1998 whereby defendant agreed to tender to plaintiff payment of all principal, accrued late charges and interest arrears, and the parties consented to have the court determine the foreclosure expenses and fees due plaintiff from defendant pursuant to the terms of the mortgage. In turn, defendant's mortgage would be reinstated and the foreclosure action discontinued. Before the court issued its determination, defendant moved to reargue the denial of its motion for summary judgment. The court again denied summary judgment to defendant upon reargument and then, by order dated October 9, 1998, awarded $6,728.50 for foreclosure fees and expenses incurred by plaintiff. Defendant now appeals the February and October 1998 orders.

Initially, we reject defendant's contention that plaintiff lacked standing based on the allegation that plaintiff did not obtain the assignment of mortgage until after the commencement of the action. Where plaintiff is the assignee of a mortgage at the time of service of the complaint, plaintiff has standing and is entitled to commence a proceeding in its own name (see, RCR Servs. v Herbil Holding Co., 229 AD2d 379; see also, General Obligations Law § 13-105). This action was commenced by the filing of a summons and complaint on June 19, 1997. The written assignment from Comfed to plaintiff specifically stated the effective date of assignment was May 1, 1997. Defendant has not submitted any proof to contradict plaintiff's documentation in support of its proposition that the assignment, including the delivery of the note and mortgage, occurred prior to initiation of the action. Therefore, we conclude that plaintiff had standing to commence the foreclosure action and Supreme Court properly dismissed defendant's third affirmative defense.

Next, defendant maintains that Supreme Court improperly denied his motion for summary judgment. It is well settled

that a mortgagee is not required to accept an insufficient tender of payment of arrears (*see, Home Sav. v Isaacson*, 240 AD2d 633; *National Sav. Bank v Hartmann*, 179 AD2d 76, *lv denied* 79 NY2d 759) and after issuing notification to the mortgagor of acceleration of the entire debt, a mortgagee has the right to reject payment of partial or full arrears, even where a foreclosure action has not been commenced (*see, Home Sav. v Isaacson, supra* at 633; *Marine Midland Bank v Malmstrom*, 186 AD2d 722). Based on a review of the record, plaintiff established that defendant was in arrears on his mortgage and failed to tender sufficient payments to fully cure his default. In the absence of admissible evidence to refute these contentions or raise a triable issue of fact, we find no basis to disturb Supreme Court's denial of defendant's motion for summary judgment.

The record further reveals no abuse of discretion by Supreme Court regarding its counsel fee award. A determination of reasonable counsel fees is a matter within the sound discretion of the trial court and absent abuse, that determination should not be disturbed (*see, Hinman v Jay's Vil. Chevrolet*, 239 AD2d 748, 748-749; *Hovanec Bldrs. & Developers Corp. v Hines*, 173 AD2d 951, 952; *Shrauger v Shrauger*, 146 AD2d 955, 956, *appeal dismissed* 74 NY2d 844). The parties stipulated that the court would determine the amount of counsel fees due from defendant after its review of written submissions. In determining the award, the court properly considered the time and effort necessary to prosecute the action, including motions, and substantially reduced the number of hours plaintiff's counsel attributed to this matter. Under the circumstances of this case, the court's award of reasonable counsel fees and expenses in the amount of $6,728.50 was not an abuse of discretion.

Mercure, J. P., Peters, Spain and Carpinello, JJ., concur. Ordered that the orders are affirmed, with costs.