■ LaSALLE BANK NATIONAL ASSOCIATION, as Trustee for Certificateholders of Bear Stearns Asset-Backed Securities I, LLC Asset-Backed Certificates, Series 2004-FR3, Respondent, v TIMOTHY J. AHEARN, Appellant, et al., Defendants. [875 NYS2d 595]—

Cardona, P.J. Appeal from an order of the Supreme Court (Zwack, J.), entered October 23, 2007 in Ulster County, which, among other things, conditionally granted defendant Timothy J. Ahearn's motion to dismiss the amended complaint.

In 2004, defendant Timothy J. Ahearn (hereinafter defendant) entered into a mortgage agreement with Fremont Investment & Loan in the amount of $180,000 to purchase a home in Ulster County. The mortgage lists Mortgage Electronic Registration Systems, Inc. (hereinafter MERS) as the nominee of Fremont and its assignees. The document also states that MERS is the mortgagee of record for recording purposes and specifically grants it the right to seek foreclosure in the event of default. Thereafter, in January 2007, defendant allegedly defaulted on his mortgage payments.

In April 2007, plaintiff, claiming to be the holder of that mortgage, commenced this foreclosure action by summons and complaint and, three days later, served a supplemental summons and amended complaint. Thereafter, defendant moved pursuant to CPLR 3211 to dismiss the amended complaint on the basis of, among other things, lack of standing. According to defendant, since the amended complaint sets forth that the mortgage "is to be assigned" at a future time to plaintiff, it was apparent that plaintiff did not have an interest in the mortgage at the time the foreclosure action was commenced. In response, plaintiff submitted a written assignment, dated June 2007,

wherein MERS purported to assign its interest in defendant's mortgage to plaintiff. Inasmuch as the document states that the assignment became effective in April 2007, plaintiff maintained it had standing to commence this action. Upon review of defendant's various arguments seeking dismissal, Supreme Court concluded that his standing objection had merit. Rather than dismissing the action outright, however, the court found that MERS was the proper plaintiff to bring the action and sua sponte granted plaintiff leave to add MERS as a party pursuant to CPLR 1003. The order also provided that failure to add MERS by service of a supplemental pleading would result in dismissal of the amended complaint. Defendant now appeals.

Initially, inasmuch as this Court has previously held, in light of the 1996 amendments to CPLR 1003, that a court cannot, on its own initiative, direct the addition of another party (*see New Medico Assoc. v Empire Blue Cross & Blue Shield*, 267 AD2d 757, 758-759 [1999]), we find persuasive defendant's challenge to Supreme Court's sua sponte grant of leave to add MERS. Without that addition, the question of whether this action must be dismissed outright hinges on the propriety of Supreme Court's determination as to plaintiff's lack of standing. Upon review of that ruling, we conclude that the court appropriately found that plaintiff did not have said standing at the time it commenced this action.

Notably, "foreclosure of a mortgage may not be brought by one who has no title to it" (*Kluge v Fugazy*, 145 AD2d 537, 538 [1988]) and an assignee of such a mortgage does not have standing to foreclose unless the assignment is complete at the time the action is commenced (*see Bankers Trust Co. v Hoovis*, 263 AD2d 937, 938 [1999]; *see also Mortgage Elec. Registration Sys., Inc. v Coakley*, 41 AD3d 674, 674 [2007]). An assignment of a mortgage does not have to be in writing and can be effective through physical delivery of the mortgage (*see Flyer v Sullivan*, 284 App Div 697, 699 [1954]). However, if it is in writing, the execution date is generally controlling and a written assignment claiming an earlier effective date is deficient unless it is accompanied by proof that the physical delivery of the note and mortgage was, in fact, previously effectuated (*see Bankers Trust Co. v Hoovis*, 263 AD2d at 938).

Here, the written assignment submitted by plaintiff was indisputably written subsequent to the commencement of this action and the record contains no other proof demonstrating that there was a physical delivery of the mortgage prior to bringing the foreclosure action (*see id.*). In fact, the language in the amended complaint indicating that the assignment to plaintiff

had not yet occurred would clearly contradict any assertion to the contrary. Accordingly, Supreme Court correctly found that plaintiff did not have standing and the amended complaint must be dismissed, without prejudice.

Given the above resolution, it is unnecessary to address defendant's remaining arguments.

Peters, Kavanagh and Stein, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as sua sponte granted plaintiff leave to add Mortgage Electronic Registration Systems, Inc. as a party plaintiff; motion granted in its entirety and complaint dismissed, without prejudice; and, as so modified, affirmed.