[887 NYS2d 615]

WELLS FARGO BANK, N.A., Appellant, v VINCENT MARCHIONE et al., Respondents, et al., Defendants.

Second Department, October 20, 2009

### APPEARANCES OF COUNSEL

*Fein Such & Crane, LLP*, Chestnut Ridge (*Samit G. Patel* of counsel), for appellant.

*Clair & Gjertsen*, Scarsdale (*Ira S. Clair* of counsel), for respondents.

### OPINION OF THE COURT

LEVENTHAL, J.

The issue presented on this appeal is whether an assignee of a note and mortgage has standing to commence a foreclosure action prior to the date of the execution of the assignment. We hold that an assignee in such a case has no standing.

The defendants Vincent Marchione and Debbie Marchione (hereinafter together the defendants) moved, inter alia, to dismiss this foreclosure action for lack of standing because the assignment of the mortgage to the plaintiff, Wells Fargo Bank, N.A. (hereinafter Wells Fargo), did not occur until after the foreclosure action had been commenced. The Supreme Court granted that branch of the defendants' motion and we affirm.

On or about September 2, 2005, the defendants executed a mortgage in favor of the mortgagee Option One Mortgage

Corporation, creating a security interest in certain real property located in Mamaroneck. On the same date, Vincent Marchione signed an adjustable rate note in consideration of the loan. Wells Fargo alleges that the defendants failed to make payments beginning April 1, 2007, and, as trustee for Option One Mortgage Loan Trust, Wells Fargo commenced this foreclosure action by filing a summons and verified complaint on November 30, 2007, with the County Clerk of Westchester County.

Option One Mortgage Corporation assigned its "right, title and interest" in the aforementioned mortgage to Wells Fargo in an assignment dated December 4, 2007. The assignment contained a provision stating that it became effective on October 28, 2007. The complaint alleged that Wells Fargo was the "sole, true and lawful owner of record of the bond(s), note(s) and mortgage(s) securing the Mortgaged Premises." The complaint was verified by counsel for Wells Fargo on November 29, 2007, and filed with the County Clerk on November 30, 2007. The record indicates that the defendants were served on December 7, 2007. The assignment, which did not yet exist at the time of the verification and filing, was, for obvious reasons, not attached to the complaint, as were other supporting documents such as the note and mortgage.

On December 18, 2007, the defendants made a pre-answer motion pursuant to CPLR 3211 to dismiss the cause of action alleged against the defendant Debbie Marchione, for a determination that the complaint was not verified, and for such other and further relief which may be appropriate. Wells Fargo attached the assignment of the mortgage to its papers dated January 18, 2008, which were submitted in opposition to the defendants' motion. The contents of the assignment were unknown to the defendants at the time they moved.

The defendants first addressed the issue of the assignment in a February 3, 2008, reply affirmation of counsel which pointed out that Wells Fargo lacked standing to bring the action. Wells Fargo argues that the Supreme Court erred in relying on this argument, as it was first raised in the defendants' reply papers. "The function of reply papers is to address arguments made in opposition to the position taken by the movant and not to permit the movant to introduce new arguments in support of, or new grounds for the motion" (*Matter of Harleysville Ins. Co. v Rosario*, 17 AD3d 677, 677-678 [2005]; *see also Matter of TIG Ins. Co. v Pellegrini*, 258 AD2d 658 [1999]; *Dannasch v Bifulco*, 184 AD2d 415, 417 [1992]). Here, however,

the Supreme Court correctly recognized that the defendants' raising of the issue of standing in their reply was proper. The defendants' argument that the plaintiff lacked standing was in response to the plaintiff's submission of the assignment, presented for the first time in the papers the plaintiff submitted in opposition to the motion. Accordingly, the Supreme Court, in the exercise of its discretion, properly considered the response to the new evidence offered for the first time in the reply (*see Matter of Kennelly v Mobius Realty Holdings LLC*, 33 AD3d 380, 382 [2006]).

■ Wells Fargo argues that the Supreme Court also erred since the retroactive effective date of the assignment gave Wells Fargo an interest in the mortgage before the action was commenced. We disagree.

In order to commence a foreclosure action, the plaintiff must have a legal or equitable interest in the mortgage (*see Katz v East-Ville Realty Co.*, 249 AD2d 243 [1998]). "Where the plaintiff is the assignee of the mortgage and the underlying note at the time the foreclosure action was commenced, the plaintiff has standing to maintain the action" (*Federal Natl. Mtge. Assn. v Youkelsone*, 303 AD2d 546, 546-547 [2003]; *see also First Trust Natl. Assn. v Meisels*, 234 AD2d 414 [1996]). Here, Wells Fargo lacked standing to bring this foreclosure action because it was not the assignee of the mortgage on November 30, 2007, the day the action was commenced. A "foreclosure of a mortgage may not be brought by one who has no title to it" (*Kluge v Fugazy*, 145 AD2d 537, 538 [1988]). Since the complaint was filed prior to the execution of the assignment, and the service occurred subsequent to the execution, the issue of standing in this case hinges upon whether the filing or the service of the summons and complaint effectuates commencement. A review of prior appellate decisions reveals that there is some confusion regarding whether, to be effective, the assignment must occur prior to the commencement of the action or instead after commencement, but prior to the service of the complaint.

Wells Fargo contends it had standing to bring the action because the assignment was executed before the summons and complaint were served on the defendants, although after the action was commenced. Wells Fargo cites to *Bankers Trust Co. v Hoovis* (263 AD2d 937 [1999]) in support of this contention. The Appellate Division, Third Department, in *Hoovis* held that where the "plaintiff is the assignee of a mortgage at the time of

service of the complaint, plaintiff has standing and is entitled to commence a proceeding in its own name" (*Bankers Trust Co. v Hoovis*, 263 AD2d at 938). However, the Court in *Hoovis* also pointed out that the defendant did not provide any proof contradicting the plaintiff's documentation that the assignment occurred prior to the "initiation of the action" (*Bankers Trust Co. v Hoovis*, 263 AD2d at 938).

On July 1, 1992, the method of commencing an action in New York was changed from the service of process to the filing of the summons and complaint (or summons with notice) with the clerk of the court of the county in which the action is brought (*see* Alexander, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C304:1). Though not the primary reason for the change in procedure, a beneficial by-product of the change was the "establishment of a precise point in time by which to determine commencement" (*id.*). In 1999, the *Hoovis* Court stated that the "action was commenced by the *filing* of a summons and complaint," but also found that the plaintiff had standing, as it was the assignee at the time of service (*Bankers Trust Co. v Hoovis*, 263 AD2d at 938 [emphasis added]). It should be noted that in *Hoovis*, unlike the matter sub judice, the assignment occurred prior to both the commencement of the action and the service of the summons and complaint.

However, in the recent Appellate Division, Third Department, case of *LaSalle Bank Natl. Assn. v Ahearn* (59 AD3d 911 [2009]), the Court held that the assignment must be effective prior to commencement of the action. In *LaSalle,* the plaintiff commenced a foreclosure action in April 2007, and the defendant moved to dismiss the amended complaint that alleged the mortgage was "to be assigned" to the plaintiff at a future time. The defendant claimed that the plaintiff had no standing because the "plaintiff did not have an interest in the mortgage at the time the foreclosure action was commenced" (*LaSalle Bank Natl. Assn.*, 59 AD3d at 911). The plaintiff submitted a written assignment in response, dated June 2007, which stated the document became effective in April 2007. Therefore, the plaintiff maintained, it had standing (*id.* at 911-912). The Court in *LaSalle* found that "the written assignment submitted by plaintiff was indisputably written subsequent to the commencement of this action and the record contains no other proof demonstrating that there was a physical delivery of the mortgage prior to bringing the foreclosure action" (*LaSalle Bank Natl. Assn.*, 59 AD3d at 912). Thus, the Court affirmed the Supreme

Court's finding that the plaintiff did not have standing (*id.* at 913). The *LaSalle* Court cited *Hoovis* in support of this finding, stating that an "assignee of such a mortgage does not have standing to foreclose unless the assignment is complete at the time the action is commenced" (*LaSalle Bank Natl. Assn.*, 59 AD2d at 912). In *LaSalle,* the Third Department clarified *Hoovis,* holding that the assignment of a mortgage must have occurred prior to the commencement of the action, which is the date of filing (*see* CPLR 304), to confer standing to sue upon the assignee.

The decision of this Court in *RCR Servs. v Herbil Holding Co.* (229 AD2d 379 [1996]) may lead to the conclusion that this department holds that an assignment of the note and mortgage occurring prior to the time of service of the complaint, but after commencement of the action, would confer standing to sue upon the assignee. However, an examination of the appellate briefs and record in that case reveals otherwise. In *RCR Servs.,* a default judgment was entered in favor of the plaintiff on January 10, 1990, against a misnamed defendant under a 1989 index number, the year when service allegedly was made. The plaintiff was then granted leave to amend the summons and complaint to reflect the correct spelling of the defendant's name. The assignment of the claim in *RCR Servs.* was dated May 7, 1991, and the supplemental summons and amended complaint was served on the defendant in 1994. Therefore, as this case had a 1989 index number, the commencement of the action was effectuated by service of the summons and complaint, not by filing of the same. The correctly-named defendant was not served until 1994, about three years after the 1991 assignment, so at the time the defendant was served, the plaintiff did in fact have standing to commence the suit (*see Mortgage Elec. Registration Sys., Inc. v Coakley,* 41 AD3d 674 [2007]). Consequently, *RCR Servs.* does not stand for the proposition that an assignment executed after the commencement of an action, but prior to service, confers standing on the assignee.

Wells Fargo also contends that the assignment is valid, as it is retroactive to October 28, 2007, a date prior to the commencement of the action. Wells Fargo again relies on *Hoovis,* where the retroactive assignment was effective on May 1, 1997, prior to the commencement of the action on June 19, 1997 (*see Bankers Trust Co. v Hoovis,* 263 AD2d at 938). In *Hoovis,* however, the defendant was unable to contradict the plaintiff's documentation demonstrating that delivery of the note and mortgage oc-

curred prior to the initiation of the action. Here, it is clear that the date of the execution of the assignment was after the commencement of the action. If an assignment is in writing, "the execution date is generally controlling and a written assignment claiming an earlier effective date is deficient unless it is accompanied by proof that the physical delivery of the note and mortgage was, in fact, previously effectuated" (*LaSalle Bank Natl. Assn.*, 59 AD3d at 912). While recognizing that in some circumstances parties to an agreement may bind themselves retroactively, "the fiction of retroactivity . . . should not be applied to affect adversely the rights of third persons" (*Debreceni v Outlet Co.*, 784 F2d 13, 20; *see also* 2 Lord, Williston on Contracts § 6:61, at 893 [4th ed]). Thus, a retroactive assignment cannot be used to confer standing upon the assignee in a foreclosure action commenced prior to the execution of the assignment (*see LaSalle Bank Natl. Assn.*, 59 AD3d 912). We disagree with the contention of Wells Fargo that public policy favors permitting less than strict compliance with the requirement that, in order to commence a foreclosure action, a plaintiff must have a legal or equitable interest in the subject mortgage.

Wells Fargo also argues that if the action were to be dismissed, the result would be a waste of judicial resources, as it would simply commence another action as soon as the original action was dismissed. Wells Fargo might have reached this conclusion earlier in its calculus to commence the lawsuit prior to the execution of the assignment.

Significantly, Wells Fargo's attorney submitted a verification pursuant to CPLR 3020 (d) (3), which allows an attorney to verify the complaint if the party is not in the county where the attorney maintains an office. "A verification is a statement under oath that the pleading is true to the knowledge of the deponent, except as to matters alleged on information and belief, and as to those matters, he believes it to be true" (CPLR 3020 [a]). "Since the verification makes the pleading, or those parts of the pleading that are verified, sworn data, a verified pleading is the equivalent of an affidavit, CPLR 105, and may be used for the same purposes" (Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3020:2). When an attorney verifies, he or she affirms under the penalties of perjury (*see* Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3020:9).

In the verification, Wells Fargo's attorney affirmed the complaint to be true to the best of his knowledge, and his belief

as to matters stated to be alleged on information and belief was based upon "correspondence, memoranda and statements of account in affirmant's possession." The complaint included a paragraph that stated Wells Fargo was "now the sole, true and lawful owner of record of the bond(s), note(s) and mortgage(s) securing the Mortgaged Premises." This averment was not based on information and belief and could not have been true on the date of the verification, November 29, 2007, since the actual execution of the assignment did not take place until December 4, 2007. Thus, the complaint contained a misstatement of a material fact which is not excused simply because the attorney was the one who verified the complaint.

In sum, inasmuch as the assignment was not made until after the summons was filed, Wells Fargo had no standing to bring this action. Therefore, the order is affirmed.

DILLON, J.P., DICKERSON and BELEN, JJ., concur.

Ordered that the order is affirmed, with costs.