**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**ZACHARY J. STOCK**
Carmel, Indiana

ATTORNEYS FOR APPELLEE:

**JAMES M. BOYERS**
**LEAH B. SILVERTHORN**
Wooden & McLaughlin, LLP
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| DENA ALFAYYAD, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 29A02-1307-MF-652 |
| | ) | |
| U.S. BANK NATIONAL ASSOCIATION | ) | |
| AS TRUSTEE FOR RASC 2007KS3, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE HAMILTON SUPERIOR COURT
The Honorable Daniel J. Pfleging, Judge
Cause No. 29D02-0904-MF-535

**June 13, 2014**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BARNES, Judge**

**Case Summary**

Dena Alfayyad appeals the trial court's grant of summary judgment in favor of U.S. Bank National Association as Trustee for RASC 2007KS3 ("U.S. Bank") in its foreclosure action. We affirm.

**Issue**

Dena Alfayyad raises one issue, which we restate as whether summary judgment was proper because U.S. Bank established it was a person entitled to enforce the note.

**Facts**

In 2006, Alfayyad executed a promissory note in favor of Homecomings Financial, LLC, ("Homecomings") for $259,000 to purchase property in Carmel. The note was secured by a mortgage. Alfayyad stopped making payments on the note in 2009.

On April 17, 2009, U.S. Bank filed a foreclosure action against Alfayyad. U.S. Bank alleged that it "is 'a person entitled to enforce' the promissory note pursuant to IC §26-1-3.1-301 and is entitled to enforce the mortgage as is evidenced by the chain of assignments . . . ." App. p. 11. U.S. Bank attached to the complaint a copy of the note and an assignment of the mortgage from Homecomings to U.S. Bank dated April 7, 2009.

On March 5, 2012, U.S. Bank filed a motion for summary judgment and decree of foreclosure. U.S. Bank also moved for default judgment, which the trial court granted and then set aside. On May 24, 2012, Alfayyad filed an answer to U.S. Bank's complaint and raised affirmative defenses and counterclaims. On September 4, 2012, Alfayyad filed a response to the motion for summary judgment. U.S. Bank then replied. After a

2

hearing on the motion, Alfayyad was given permission to respond to U.S. Bank's reply, and both parties were permitted to file post-hearing briefs. On May 31, 2013, the trial court granted U.S. Bank's motion for summary judgment and issued a decree of foreclosure. Alfayyad filed a motion to correct error, which the trial court denied. Alfayyad now appeals.[1]

## Analysis

Alfayyad argues that the trial court improperly granted summary judgment. "We review an appeal of a trial court's ruling on a motion for summary judgment using the same standard applicable to the trial court." Perdue v. Gargano, 964 N.E.2d 825, 831 (Ind. 2012). "Therefore, summary judgment is appropriate only if the designated evidence reveals 'no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" Id. (quoting Ind. Trial Rule 56(C)). Our review of summary judgment is limited to evidence designated to the trial court. Id. (citing T.R. 56(H)). All facts and reasonable inferences drawn from the evidence designated by the parties is construed in a light most favorable to the non-moving party, and we do not defer to the trial court's legal determinations. Id.

Alfayyad asserts that summary judgment was improper because there are genuine issues of material fact as to whether U.S. Bank was entitled to enforce the note at the time the complaint was filed. Indiana Code Section 26-1-3.1-301 provides:

---

[1] The trial court's summary judgment order is silent regarding Alfayyad's counterclaims. In her motion to correct error, Alfayyad asked the trial court to clarify its summary judgment order, and the trial court denied that motion. Our decision today is limited to the propriety of summary judgment on the claims raised in U.S. Bank's complaint.

3

"Person entitled to enforce" an instrument means:

> (1) the holder of the instrument;
>
> (2) a nonholder in possession of the instrument who has the rights of a holder; or
>
> (3) a person not in possession of the instrument who is entitled to enforce the instrument under IC 26-1-3.1-309 or IC 26-1-3.1-418(d).
>
> A person may be a person entitled to enforce the instrument even though the person is not the owner of the instrument or is in wrongful possession of the instrument.

In its complaint, U.S. Bank asserted it was entitled to enforce the note pursuant to Indiana Code Section 26-1-3.1-301. In its motion for summary judgment, U.S. Bank specifically asserted it was entitled to enforce the note as the holder of the note. U.S. Bank designated a copy of the note, mortgage, assignment of mortgage, and the affidavit of DeAndra Curry, the authorized officer for GMAC Mortgage, LLC, the servicer for U.S. Bank. Curry stated that U.S. Bank "is the holder of the promissory note[.]" App. p. 56. Accordingly, U.S. Bank made a prima facie showing that it was entitled to enforce the note pursuant to Indiana Code Section 26-1-3.1-301(1), and the burden shifted to Alfayyad to designate specific facts establishing a genuine issue for trial. See Bushong v. Williamson, 790 N.E.2d 467, 474 (Ind. 2003) ("Once the moving party has sustained its initial burden of proving the absence of a genuine issue of material fact and the appropriateness of judgment as a matter of law, the party opposing summary judgment must respond by designating specific facts establishing a genuine issue for trial.").

In response, Alfayyad asserted that U.S. Bank "cannot demonstrate its right to a mortgage interest in the subject property." App. p. 93. Alfayyad initially did not designate evidence to support this claim, and later submitted her own affidavit in which she stated U.S. Bank "does not allege it is in possession of the original note, and therefore Affiant does not know for certain who to pay, as she does not know who is the proper holder of the note." Id. at 112. This was insufficient to create a genuine issue of material fact for trial because U.S. Bank did designate evidence showing that it was the holder of the note. Even if Alfayyad's affidavit did create an issue of fact, U.S. Bank replied and designated evidence that the original note had been delivered to its attorney and that the note had been formally endorsed to be paid to U.S. Bank after the filing of the complaint. This evidence established as a matter of law that U.S. Bank was entitled to enforce the note.

Alfayyad contends, however, that U.S. Bank is not entitled to summary judgment because it did not specify in its complaint that it was entitled to enforce the note as the holder of the note and was not an assignee when the complaint was filed. In support of this argument, Alfayyad relies on Wells Fargo Bank, N.A. v. Marchione, 69 A.D.3d 204, 207, 887 (N.Y. App. Div. 2009), in which the court affirmed the granting of a motion to dismiss where a bank lacked standing to bring the foreclosure action because it was not the assignee of the mortgage on the day the action was commenced.[2] Marchione,

---

[2] The Marchione court appears to use the term "mortgage" to refer collectively to the promissory note and mortgage. Here, there is no dispute that the mortgage had been assigned to U.S. Bank on April 7, 2009, ten days before it filed the complaint.

however, is not on point because it does not address the provision of Indiana Code Section 26-1-3.1-301(a), which allows the holder of an instrument to enforce it.[3]

Alfayyad also argues that a June 2009 letter stating that GMAC Mortgage was servicing the account on behalf of Residential Funding Corp, which owned an interest in the account, creates an inference that Residential Funding Corp was the holder of the note when the action commenced. However, because this letter was not designated as evidence in the summary judgment proceedings, it cannot be a basis for reversing the grant of summary judgment on appeal.[4] See T.R. 56(H) ("No judgment rendered on the motion shall be reversed on the ground that there is a genuine issue of material fact unless the material fact and the evidence relevant thereto shall have been specifically designated to the trial court."). Because there were no questions of fact regarding whether U.S. Bank was entitled to enforce the note when it filed the complaint, Alfayyad has not established that the trial court's grant of summary judgment was improper.

## Conclusion

Alfayyad has not established that there are genuine issues of material fact regarding whether U.S. Bank was entitled to enforce the note. We affirm.

Affirmed.

BAKER, J., and CRONE, J., concur.

---

[3] Alfayyad did not file a motion to dismiss or motion for more definite statement. Instead, she raised the issue as an affirmative defense in her answer, which was filed more than three years after U.S. Bank filed its complaint and after U.S. Bank moved for summary judgment. Thus, we cannot agree with her claim that she "asserted from an early stage in the proceedings that U.S. Bank was not a party entitled to enforce the note." Appellant's Br. p. 8.

[4] This letter was attached to Alfayyad's answer but neither the answer nor the letter itself was designated as evidence in summary judgment proceedings.