14-4520-cv
Eastern Savings Bank, FSB v. Thompson

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of November, two thousand fifteen.

PRESENT:  CHESTER J. STRAUB,
　　　　　REENA RAGGI,
　　　　　RICHARD C. WESLEY,
　　　　　　　*Circuit Judges.*

-----------------------------------------------------------------------
EASTERN SAVINGS BANK, FSB,
　　　　　　　*Plaintiff-Appellant*,


　　　v.　　　　　　　　　　　　　　　　　　No. 14-4520-cv


EBONY THOMPSON, KATRINA BREEDY, NEW YORK CITY PARKING VIOLATIONS BUREAU, NEW YORK ENVIRONMENTAL CONTROL BOARD,
　　　　　　　*Defendants-Appellees*,


JOHN DOE, #1-5, JOHN DOE, #6, the last six names being fictitious and unknown to plaintiff, the persons or parties intended being the tenants, occupants, persons or corporations, if any, having or claiming interest upon the premises described in the Complaint,
　　　　　　　*Defendants*.
-----------------------------------------------------------------------

APPEARING FOR APPELLANT:　　DWIGHT YELLEN (Jerold Feuerstein and Michelle Mandelstein, *on the brief*), Kriss & Feuerstein LLP, New York, New York.

APPEARING FOR APPELLEES:     STEVEN ALEXANDER BIOLSI, Biolsi Law Group P.C., New York, New York.

Appeal from a judgment of the United States District Court for the Eastern District of New York (William F. Kuntz, II, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on November 5, 2014, is VACATED and REMANDED.

In this foreclosure action, plaintiff Eastern Savings Bank, FSB ("Eastern") appeals from the denial of its motion for summary judgment and the award of summary judgment to defendants based on Eastern's failure to demonstrate standing. See Eastern Savings Bank, FSB v. Thompson, 57 F. Supp. 3d 198 (E.D.N.Y. 2014). Eastern submits that its physical possession of the defaulted promissory note, indorsed in blank, at the time it commenced this action was sufficient to establish its standing, and that the district court erred in requiring it to make a further showing of the note's and the mortgage's chain of custody through evidence of their physical delivery from Home123 Corporation ("Home123"), the original note holder, to servicing agency GMAC Mortgage, LLC ("GMAC"). Though the record is unclear, either Home123 or GMAC is alleged to have later transferred the note to another entity, UBS Real Estate Securities, Inc. ("UBS"), that, in turn, delivered the note to Eastern. We review the district court's disposition of the cross-motions for summary judgment de novo, examining each party's motion on its merits and drawing all reasonable inferences against the party whose motion is under consideration. See Fed. R. Civ. P. 56(a); Chandok v. Klessig, 632 F.3d 803, 812 (2d Cir.

2

2011). We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to vacate and remand.

1. Standing

The district court ruled that Eastern had demonstrated a prima facie case for foreclosure by making "an initial showing of the Note and the Mortgage, both executed by Defendants . . . [and] present[ing] evidence of Defendants' default through failure to make loan payments as required by the Note." Eastern Savings Bank, FSB v. Thompson, 57 F. Supp. 3d at 202. Nevertheless, the district court granted summary judgment to defendants based on Eastern's failure to demonstrate standing. In reaching this conclusion, the court focused on a defect in the May 31, 2006 written assignment of the note from Home123 to GMAC. See id. at 203. While acknowledging that this defect was later cured through re-execution of the assignment with a retroactive effective date, the district court nonetheless concluded that, because the assignment was backdated, Eastern had to adduce evidence showing physical delivery of the note from Home123 to GMAC to establish its own standing despite its physical possession of the note at the time it filed this action. See id. at 203−04. We disagree.

Under New York law, "[a] plaintiff establishes its standing in a mortgage foreclosure action by demonstrating that, when the action was commenced, it was either the holder or assignee of the underlying note." Wells Fargo Bank, N.A. v. Rooney, 132 A.D.3d 980, --- N.Y.S.3d ---, 2015 WL 6483852, at *1 (2d Dep't Oct. 28, 2015). Notably, "[e]ither a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the

3

obligation, and the mortgage passes with the debt as an inseparable incident." U.S. Bank, N.A. v. Collymore, 68 A.D.3d 752, 754, 890 N.Y.S.2d 578, 580 (2d Dep't 2009); accord Aurora Loan Servs. v. Taylor, 25 N.Y.3d 355, 361, 12 N.Y.S.3d 612, 615 (2015). Thus, although assignment of a mortgage without the accompanying note does not provide the assignee with a right to the debt, the delivery or assignment of a note without the accompanying mortgage transfers the debt and can confer standing on the recipient. See Aurora Loan Servs. v. Taylor, 25 N.Y.3d at 361, 12 N.Y.S.3d at 615; Bank of N.Y. v. Silverberg, 86 A.D.3d 274, 280, 926 N.Y.S.2d 532, 537 (2d Dep't 2011); U.S. Bank, N.A. v. Collymore, 68 A.D.3d at 754, 890 N.Y.S.2d at 580; cf. N.Y. U.C.C. Law § 3-301 ("The holder of an instrument whether or not he is the owner may transfer or negotiate it . . . discharge it or enforce payment in his own name.").

"Holder status is established where the plaintiff possesses a note that, on its face or by allonge, contains an indorsement in blank or bears a special indorsement payable to the order of the plaintiff." Wells Fargo Bank, NA v. Ostiguy, 127 A.D.3d 1375, 1376, 8 N.Y.S.3d 669, 671 (3d Dep't 2015); see also Bank of Am., N.A. v. Kyle, 129 A.D.3d 1168, 1169, 13 N.Y.S.3d 253, 255 (3d Dep't 2015); Mortgage Elec. Registration Sys. v. Coakley, 41 A.D.3d 674, 674, 838 N.Y.S.2d 622, 623 (2d Dep't 2007); N.Y. U.C.C. Law § 3-204(2) ("An instrument payable to order and indorsed in blank becomes payable to bearer and may be negotiated by delivery alone until specially indorsed."). Thus, to establish standing on physical possession of a note, a plaintiff must show (1) possession of the note, either indorsed in blank or specially indorsed to the plaintiff, at the time the action was commenced; and (2) that the note was received by physical delivery. See

4

Deutsche Bank Nat'l Tr. Co. v. Monica, 131 A.D.3d 737, 738−39, 15 N.Y.S.3d 863, 865 (3d Dep't 2015); Bank of Am., N.A. v. Kyle, 129 A.D.3d at 1169, 13 N.Y.S.3d at 255.

Applying the cited New York law to the record, we conclude that the district court erred in granting summary judgment to defendants based on Eastern's lack of standing. The record admits no genuine dispute that Eastern possessed the original note, indorsed in blank, prior to commencing this action in March 2012. See Eastern Savings Bank, FSB v. Thompson, 57 F. Supp. 3d at 200, 204.[1] The affidavits of Matthew Bollo, UBS's director, and Terry Brown, Senior Asset Manager at Eastern, indicate that the original note, indorsed in blank, was physically delivered to Eastern sometime in the fall 2007. See J.A. 640−41, 653; see also Eastern Savings Bank, FSB v. Thompson, 57 F. Supp. 3d at 204 ("[T]he physical delivery of the Note and Mortgage from UBS to Plaintiff . . . was never in dispute." (emphasis in original)). Further, defendants failed to raise any question of fact as to whether Eastern retained possession of the note. Indeed, the record reflects that "since the commencement of this litigation, Eastern's counsel has exhibited the original Note to Defendants' counsel upon Defendants' counsel's request." J.A. 641.

Nor does Lasalle Bank Nat'l Ass'n v. Ahearn, 59 A.D.3d 911, 875 N.Y.S.2d 595 (3d Dep't 2009), support the district court's conclusion that Eastern could not "establish standing to bring the action unless it can show valid chain of title through physical delivery of Assignment [from Home123 to GMAC]." Eastern Savings Bank, FSB v.

---

[1] Although there is some suggestion by defendants that an allonge specially indorsing the note to Eastern is missing, the missing allonge is of no relevance here, as there is no evidence (or even suggestion) that the note was ever specially indorsed to any other predecessor in interest.

Thompson, 57 F. Supp. 3d at 204. Lasalle concerned the transfer of a note to the plaintiff by written assignment, not physical delivery. See 59 A.D.3d at 912, 875 N.Y.S.2d at 597. Here, the note was not assigned to Eastern but physically delivered to it. When a plaintiff demonstrates that upon commencement of the action it possessed a note, indorsed in blank, by way of physical delivery, New York has consistently found the plaintiff to have sufficient interest in the enforcement of the debt to support standing in a foreclosure action. See, e.g., Aurora Loan Servs. v. Taylor, 25 N.Y.3d at 361−62, 12 N.Y.S. 3d at 615−16; Deutsche Bank Nat'l Tr. Co. v. Monica, 131 A.D.3d at 738−39, 15 N.Y.S.3d at 865; Nationstar Mortg., LLC v. Davidson, 116 A.D.3d 1294, 1295−96, 983 N.Y.S.2d 705, 707 (3d Dep't 2014); Mortgage Elec. Registration Sys. v. Coakley, 41 A.D.3d at 674, 838 N.Y.S.2d at 623. Accordingly, the award of summary judgment to defendants based on Eastern's lack of standing is vacated.[2]

2.      Denial of Summary Judgment to Eastern

Eastern urges this court to reverse the district court's denial of its motion for summary judgment and to direct the entry of summary judgment in its favor. We decline to grant this relief before the district court considers Eastern's motion on its merits, which it did not do once it determined that Eastern lacked standing. See Beason v. United Techs. Corp., 337 F.3d 271, 274 (2d Cir. 2003) ("As a general rule, a federal appellate court does not consider an issue not passed upon below." (internal quotation marks omitted)). When a district court declines to address an issue, "it is our distinctly

---

[2] In light of our decision to vacate the award of summary judgment, we need not consider Eastern's argument that the district court improperly assessed witness credibility.

6

preferred practice to remand such issues for consideration by the district court in the first instance," particularly when the matter has "been briefed and argued only cursorily in this Court." Schonfeld v. Hilliard, 218 F.3d 164, 184 (2d Cir. 2000).

Accordingly, we vacate the denial of Eastern's motion for summary judgment based on its lack of standing and we remand for consideration of the motion's merits by the district court.[3]

3. Conclusion

For the foregoing reasons, we hereby VACATE the district court's award of summary judgment to defendants Ebony Thompson and Katrina Breedy and its denial of summary judgment to Eastern Savings Bank, and we REMAND the case for further proceedings consistent with this order.

> FOR THE COURT:
> CATHERINE O'HAGAN WOLFE, Clerk of Court

---

[3] In light of our decision to remand, we need not address defendants' arguments regarding the credibility of the affidavits submitted by Eastern.